**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIREESHA REDDY CHERUKU and MAHENDER REDDY CHERUKU, | Civil Action No.: 14-6855 (CCC-MF) |
| Plaintiffs, | **ORDER** |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

Before the Court is the request from Plaintiffs Shireesha Reddy Cheruku and Mahender Reddy Cheruku ("Plaintiffs") to reopen this case. [ECF No. 25.] It appearing that:

1. This litigation is the latest in a series of legal proceedings spanning more than 20 years regarding Plaintiffs' immigration status. The parties substantially agree on the facts in this case. [*See generally* Amended Complaint ("Am. Compl."), ECF No. 3; *see also* Pls. Resp. at 4, ECF No. 14 ("The underlying facts in this case are not in dispute.").] The relevant facts are as follows.

    a. On December 12, 2001, Shireesha filed an application (the "Application") for adjustment of her immigration status to that of a lawful permanent resident under the LIFE Act Amendments. *See* 8 U.S.C. § 1255(i). [Am. Compl. ¶ 22.] Her application was denied by United States Citizenship and Immigration Services ("USCIS") on April 28, 2004.

    b. In its decision denying her Application, USCIS stated: "You departed the United States on advance parole on an unknown date and returned to the United States on November 28, 2002 to resume you[*sic*] application for adjustment of status." [ECF No. 10-3.]

1

    c. After further legal proceedings (involving USCIS, the Board of Immigration Appeals ("BIA"), Immigration Court, and the United States Court of Appeals for the Third Circuit), Shireesha was detained by Immigration and Customs Enforcement ("ICE") in April 2012. [Am. Compl. ¶ 38.]

    d. Facing imminent removal, on April 16, 2012, Shireesha filed with the BIA an Emergency Request to Stay her removal and a Motion to Reopen (the "2012 BIA Motion to Reopen") her case. [Am. Compl. ¶ 40.]

    e. One day later, on April 17, 2012, in an unrelated precedential decision, the BIA held that:

> [A]n alien who has left and returned to the United States under a grant of advance parole has not made a "departure . . . from the United States" within the meaning of *section 212(a)(9)(B)(i)(II)* of the [Immigration and Nationality] Act.

*Matter of Arrabally and Yerrabelly*, 25 I&N Dec. 771 (BIA 2012). Shireesha amended her motion to reopen and brought the *Arrabally* case to the BIA's attention. [Am. Compl. ¶ 41.]

    f. On April 25, 2012, the BIA denied Shireesha's Emergency Request to Stay her removal. [Am. Compl. ¶ 42.] On May 1, 2012, the BIA denied a request for reconsideration. [Am. Compl. ¶ 42.] Shortly thereafter, Shireesha was physically removed to India. [Am. Compl. ¶ 43.]

    g. Three weeks later, on May 23, 2012, the BIA granted the 2012 BIA Motion to Reopen, noting the change in the law.[1] [Am. Compl. ¶ 44.]

---

[1] At this point, it does not appear that the Court has been provided with a copy of the BIA's May 23, 2012 decision.

    h. Shireesha's case was then remanded to the Immigration Court in Newark.[2] [Am. Compl. ¶ 45.]

    i. On December 13, 2013, Immigration Judge ("IJ") Frederic Leeds terminated Shireesha's Order of Removal.[3]

    j. Four months after her proceedings were terminated by the IJ, on April 7, 2014, Shireesha filed a Motion to Reopen in USCIS (the "2014 USCIS Motion to Reopen"). [Am. Compl. ¶ 46.]

    k. On August 15, 2014, USCIS denied Shireesha's 2014 USCIS Motion to Reopen, stating that the motion was not filed within 30 days of the April 28, 2004 denial of her original Application. [ECF No. 10-2.] USCIS also stated:

> [I]t appears that you are not present in the United States at this time and are not eligible for Adjustment of Status. Despite your claim the Service does not find that your last departure from the United States was pursuant to advanced parole.

[ECF No. 10-2.] Finally, USCIS stated that "[t]his motion is not only statutorily denied, but is also denied as a matter of discretion as the positives do not outweigh the negatives in this instance." [ECF No. 10-2.]

2. Plaintiffs filed the Complaint in this action on October 31, 2014. [ECF No. 1.] Plaintiffs subsequently filed an Amended Complaint on November 18, 2014. [ECF No. 3.] In their Amended Complaint, Plaintiffs appear to seek this Court's review of USCIS's 2004 decision

---

[2] At this point, it does not appear that the Court has been provided with a copy of the Order remanding the case to the Immigration Court.

[3] At this point, it does not appear that the Court has been provided with a copy of the IJ's December 13, 2013 decision.

3

denying Shireesha's Application for status adjustment. Alternatively, Plaintiffs appear to seek this Court's review of USCIS's decision denying Shireesha's 2014 USCIS Motion to Reopen.

3. On March 5, 2015, the Defendants filed the instant Motion to Dismiss. [ECF No. 10.] As it pertains to Shireesha, Defendants' motion contends that: (1) Shireesha lacks standing to bring her claims; (2) this Court does not have the authority to compel USCIS to grant Shireesha's Application for status adjustment; and (3) this Court cannot review the USCIS' denial of Shireesha's 2014 USCIS Motion to Reopen *de novo* and, alternatively, USCIS properly adjudicated the 2014 USCIS Motion to Reopen. [*See* ECF No. 10.]

4. On April 16, 2015, Plaintiffs' filed a memorandum in opposition. [ECF No. 14.] Plaintiffs argue that this Court has jurisdiction over this dispute and should order USCIS to comply with the law. [*See id.*] On May 7, 2015, Defendants filed a reply to Plaintiffs opposition memorandum. [ECF No. 19.] The Court held a conference with the parties on November 23, 2015.

5. Subsequent to the November 23, 2015 conference with the Court, the parties consented to a stay and administrative termination of the case to allow them to work toward a resolution by pursuing alternative administrative options. [ECF No. 24.] The Court ordered that the case could be reopened by letter request of either party. [*Id.*]

6. On February 25, 2016, Plaintiffs' counsel requested by letter that the case be reopened and represented that the parties have engaged in "considerable and good faith attempts to negotiate a settlement to this matter," but were "unable to do so." [ECF No. 25.]

7. The Court has reviewed the parties' submissions and has determined that it requires additional briefing on the following legal issues: (1) whether the Court has jurisdiction to grant Plaintiffs relief and, if so, the scope of the relief the Court can grant; (2) the implications of a change in

4

statutory interpretation on previous agency orders; (3) the extent and nature of USCIS's *nunc pro tunc* discretionary power to adjust an immigrant's legal status; and (4) the applicability of *res judicata* in the administrative context.

8. Underlying the legal issues identified above are numerous factual questions. Accordingly, in their supplemental briefs, the parties are directed to provide the Court with answers to the following questions, among other things:

    i. How, if at all, did the BIA's 2012 decision in *Arrabally* impact the April 28, 2004 USCIS decision denying Shireesha's Adjustment of Status application?

    ii. How, if at all, does the November 20, 2014 memorandum issued by Jeh Johnson[4] impact the April 28, 2004 USCIS decision denying Shireesha's Adjustment of Status application?

    iii. What were the ramifications of the BIA's May 23, 2012 decision to grant Shireesha's 2012 BIA Motion to Reopen after she had already been physically removed? (In answering this question, the Court requests that the parties submit the May 23, 2013 BIA decision for the Court to review.)

    iv. What were the ramifications of the IJ's December 13, 2013 decision terminating Shireesha's Order of Removal after she had already been physically removed? (In answering this question, the Court requests that the parties submit the Order

---

[4] Johnson, Jeh, *Directive to Provide Consistency Regarding Advance Parole* [Memorandum] Washington, D.C. Department of Homeland Security. November 20, 2014. The Memorandum was published following the Board of Immigration Appeals decision in Matter of Arrabally and Yerrabelly. 25 I. & N. Dec. 771 (BIA 2012) ("[I]n all cases when an individual physically leaves the United States pursuant to a grant of advance parole, that individual shall not have made a 'departure' within the meaning of section 212(a)(9)(B)(i) of the INA.").

remanding the case to the Immigration Court as well as the December 13, 2013 IJ decision for the Court to review.)

v. Does this Court have the jurisdiction and authority to review USCIS's 2004 decision denying Shireesha's Application for status adjustment? If so, from where does the Court derive that authority, what is the relevant standard of review, and what is the scope of relief the Court can grant?

vi. Does this Court have the jurisdiction and authority to review USCIS's 2014 decision denying the 2014 USCIS Motion to Reopen? If so, from where does the Court derive that authority, what is the relevant standard of review, and what is the scope of relief the Court can grant?

vii. Even if this Court could compel USCIS to reopen Shireesha's Application, would USCIS have the discretionary power to grant Shireesha's Application for status adjustment *nunc pro tunc*?

Accordingly,

**IT IS** on this 17 day of August, 2016,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further;

**ORDERED** that by October 5, 2016, each party shall submit a supplemental brief of no more than 20 pages addressing the issues identified above; and it is further

**ORDERED** that upon receipt of the parties supplemental briefs, Defendants' Motion to Dismiss (ECF No. 10) shall be reinstated.

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.